EmT

FILED

OCT 0 4 2011 NF
10/04/201
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Robert G. Erbach, | ) |
| | ) |
| **Plantiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **PEOTONE SCHOOL DISTRICT 207U** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

11cv6983
Judge William T. Hart
Magistrate Jeffrey T. Gilbert

**JURY TRIAL DEMANDED**

## COMPLAINT AT LAW

NOW COMES the Plaintiff, Robert G. Erbach, and complaining of the

Defendant, Peotone School District 207U, alleges as follows:

### JURISDICTION

1.  This suit and jurisdiction lies pursuant to the Age Discrimination in

    Employment Act ("ADEA"), 29 U.S.C. Section 621 Jurisdiction is

    conferred upon this Court by 28 U.S.C, Section 1331, Section

    1343, and Section 2201.

2.  In violation under the law of the State of Illinois the Defendant

    Board has failed to issue appropriate rules and to make individual

determinations as to which employees should be retained, pursuant to 106 ILCS 5/34-15(31)

3. Plaintiff timely filed an employment discrimination charge with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based upon age, disability, and retaliation.

4. The EEOC issued Plaintiff a "right to sue" letter on July 21, 2011.

5. Plaintiff filed this Compliant within 90 days of receipt of EEOC's Notice of Right to Sue.

6. Venue lies properly within the Northern District of Illinois to 28 U.S.C. Section 1391(b) because Defendant does business in this district and all of the events giving rise to Plaintiff's claim took place in this district.

7. Plaintiff is a citizen of the United States and a resident of Homewood, Illinois.

8. Plaintiff is forty one at occurrence and is thus a member of a protected group based on his age and has arthritis that causes noticeable flare ups and is thus a member a person with a disability.

9. Plaintiff has been employed by Defendant Board as a Computers and Business Teacher since 2008.

10.     Plaintiff Holds a Special Teaching K-12 certificate endorsed in Business, Marketing, and Computers. Plaintiff also has a Masters in Business with eighteen additional education hours in pursuit of his LBS1 Special Education Endorsement.

11.     Plaintiff taught at Peotone High School for two years and than was transferred to the Peotone Junior High. A Reduction in Force was used and Plaintiff was asked to replace the Middle School Teacher that did not have a computer endorsement.

12.     The teacher the Plaintiff replaced received a tuition reimbursement for a class required to obtain a computer endorsement in October 2010. This is peculiar because said teacher was terminated in June of 2010 and was hired back to replace Plaintiff after he was terminated with satisfactory evaluations. The person that received the tuition reimbursement was not employed at District 207U at the time of payment or when the class was in session. Exhibit C.

13.     Plaintiff is compensated at a higher rate, due to his degrees and education hours, than his younger or less experienced peers. Maturity and experience are vital to the responsibilities of this position.

14.  Plaintiff received "satisfactory" ratings on his performance reviews for the 2010-2011 school year, which was signed and dated February 08, 2011.

15.  Plaintiff was informed by meeting February 10, 2011 that he was being terminated for not obtaining excellence in his ratings. Plaintiff and 207u teachers were never notified that excellent ratings were required to retain employment.

16.  Plaintiff was only observed twice by his Principal in 2010/2011 school year. Scott Wenzel, Principal made no attempt to help Plaintiff or make suggestions to improve teachers performance to the excellent evaluation level.

17.  On information and belief, Peotone School District 207 U teachers dismissed are over forty and held advanced degrees with additional education hours. Eleven younger and less experienced teachers were retained when Plaintiff was terminated.

18.  The Board and its officers have failed to comply with the Illinois School Code, which contains provisions that apply to any reduction in force. 105 ILCS 5/34-18(31). These provisions mandate the Board to make individual determinations as required by 102 ILCS 5/34-18(31) to issue rules to ensure individualized

consideration of education employees based on qualifications, certifications and experience, and to ensure they are retained.

19. The School Code at 105 ILCS 5/34-18 expressly requires the Board to consider criteria for layoffs and reductions in force that include, but are not limited to, the "qualifications, certifications, experience, performance ratings or evaluations" of the teachers who are affected by a reduction in force.

20. 105 ILCS 5/34-18(31) specifically states the Board shall "promulgate rules establishing procedures governing the layoff or reduction in force of the employees and the recall of such employees, including, but not limited to, criteria for such lay offs, reduction in force or recall rights of such employees and the weight to be given to any particular criteria. Such criteria shall take into account factors including, but not limited to, qualifications, certifications, experience, performance ratings, or evaluations, and other factors relating to employee's job performance."

21. Defendant is a municipal corporation or governmental entity operating in Peotone, Illinois. It employed Plaintiff.

22. Defendant employs fifteen (15) or more employees

23. Plaintiff was repeatedly harassed and told to resign to avoid termination by Mr. Paul Pruess, Curriculum Director and Mr. Scott

Wenzel Principal. These requests are substantiated by an email in

Exhibit D.

## FOR A FIRST CAUSE OF ACTION FOR EMPLOYMENT
## DISCRIMINIATION ON THE BASIS OF AGE

24.     Plaintiff incorporates and re-alleges the preceding paragraphs as if

fully set forth herein.

25.     Plaintiff has been employed as a teacher by Defendant since on or

about August 15, 2008.

26.     Defendant harassed Plaintiff due to his age while other similarly

situated younger employees were treated better and retained as

teachers.

27.     Plaintiff was harassed and discriminated against based on his age

in violation of the Equal Employment Opportunity Act.

28.     Plaintiff asserts that Defendant's given reason for his treatment

and/or the adverse employment action taken against him was a

mere pretext for the discrimination and retaliation against Plaintiff

based on his age and disability. His disability causes arthritis flare

ups that make him have extreme difficulty moving, like a crippled

elderly person.

29. Plaintiff worked in the same building as Paul Pruess, Curriculum Director in the 2008/2009 and 2009/2010 school years. Mr. Pruess continually would make derogatory comments when he noticed Plaintiff was having difficulty walking. He would ask Plaintiff "Are you going to participate in the senior Olympics?" as a ongoing bad joke.

30. Defendant was wanton, reckless and intentional in the discrimination of the Plaintiff in the following ways:

   a. In failing to protect Plaintiff from a hostile work environment and age discrimination;

   b. In showing preferential treatment by not subjecting younger employees to a hostile work environment and age discrimination.

31. In failing to protect Plaintiff from age discrimination or preferential treatment Defendant acted with malice or reckless indifference to the federally protected rights set out under The Equal Employment Opportunity Act.

32. Scott Wenzel, Principal asked why Plaintiff was acting like an old man. Plaintiff notified him that he had a harsh form of arthritis, the Gout, and can barely walk at times.

33.     Plaintiff was continually made fun of and referred to as an old man by administration of 207u.

34.     Defendant violated the Equal Employment Opportunity Act by allowing age discrimination and preferential treatment to exist in the workplace.

35.     The Defendant's wrongful actions set forth aforesaid constituted a hostile environment for Plaintiff in violation of the Equal Opportunity Act by allowing a hostile work environment and age discrimination to occur in the workplace.

36.     Plaintiff's age and disability were a determining factor in Defendant's poor treatment of him.

37.     As a direct and proximate result of Defendant's employment discrimination against Plaintiff on the basis of age and disability, Plaintiff has suffered economic losses, including a loss of wages, benefits and bonuses, and employment opportunities.

38.     As a direct and proximate result of Defendant's employment discrimination against Plaintiff on the basis of age and disability, Defendant has caused, continued to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## FOR A SECOND CAUSE OF ACTION FOR RETALIATION

39.    Plaintiff incorporates and re-alleges the preceding paragraphs as if fully set fourth herein.

40.    Plaintiff's former computer key boarding student is a grandchild of a School Board Member. Plaintiff was requested to make unreasonable accommodations to help this student succeed. The student had extreme needs and the Plaintiff was not given appropriate support by the Special Education Department to accommodate this student.

41.    Plaintiff referred this student to the dean, for inappropriate behavior, and was not given sufficient support to teach this special needs student.

42.    The Plaintiff was continually treated in a negative manner after recommending the School Board Members grandson for disciplinary action.

43.    Plaintiff was told by Special Education Department that this student had extreme special education needs and needed to be team taught.  Team taught by the computer teacher and a special education teacher at the same time. Plaintiff was notified that there was not a Special Education Teacher available for his class period and he would have to do his best.

44.     It is unlawful for an employer to retaliate against an employee who

        has engaged in protected activity of reporting age discrimination

        complaints.

45.     Plaintiff engaged in protected activity by reporting Defendant's

        age discrimination to the Superintendent of 207u. Plaintiff

        described the continual harassment and teasing by the

        administration. This was brought to the attention of Dr. Donald

        McKinney Superintendent, at a meeting called by Dr. McKinney to

        address any issues the teachers may have.

46.     In early 2011 the Peotone Teachers had a vote of no confidence

        against the Superintendent. With 92 percent of all members voting,

        86 percent of the Peotone Teacher's Council supported a "vote of

        no confidence" against Superintendent Don McKinney.


        The wording of the "Vote of No Confidence" read:


        "We, the teachers of Peotone C.U.S.D. 207-U, proclaim that

        Superintendent Dr. Donald McKinney has lost our confidence to

        be the educational leader of our school system. Incidents and

        issues too numerous to mention have precipitated this action.

        These incidents/issues have, among others things, involved

personal attacks, his personal conduct, blatant disregard of the past and current contractual agreements, a lack of collaboration on educational issues, intimidation of the staff and Peotone Teachers' Council, as well as the total lack of educational leadership skills." This is quoted from Peotone Teacher's Council President Brian Cann.

47. After Plaintiff reported the age discrimination, Defendant retaliated against Plaintiff, by failing or refusing to take appropriate action to remedy the effects of its discriminatory treatment, despite Plaintiff's efforts to inform Defendant of its continued nature of age and disability bias.

48. In retaliating against Plaintiff and/or failing to protect Plaintiff from retaliation, Defendant acted with malice or reckless indifference to federally protected rights.

49. Defendant's wrongful actions as set forth aforesaid constituted a hostile work environment with retaliation.

50. Defendant utilizes the Internet Web site http://207u-- questforexcellence.blogspot.com, administered by Board member William Virgil, as an open forum to retaliate and humiliate teachers. Mr. Virgil makes statements and posts profanity riddled

comments that are mean and humiliating to the teachers of School District 207u. Exhibit B.

51.     Plaintiff's reporting of Defendant's age discrimination was a determining factor in Defendant's disparate treatment and retaliation. But for Plaintiff reporting Defendant's age discrimination, he would not have been retaliated against.

52.     As a direct and proximate result of Defendant's retaliation against Plaintiff on the, Plaintiff has suffered economic losses, including loss of wages, benefits and bonuses, and employment opportunities.

53.     As a direct and proximate result of Defendant's retaliation against Plaintiff, Defendant has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other non Pecuniary losses.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, Robert G. Erbach, prays for the following relief:

1.    Judgment in favor of the Plaintiff and against Defendant for all causes of action in an amount that is fair, just an reasonable, and for compensatory damages;

2.    Prejudgment interest as my be allowed by law;

3.    Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits he would have earned with all lost or diminished benefits;

4.    Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits or damages to his career he lost in an amount to be determined by the trier of fact;

5.    Judgment in favor of the Plaintiff and against Defendant for embarrassment, humiliation, mental anguish, loss of enjoyment of life, emotional distress in an amount to be determined by the trier of fact; and

6.     Judgment against Defendant, in such an amount of actual damages, punitive damages, attorney fees, cost of action and all other relief just and proper in premises.

Respectively Submitted

Robert G. Erbach

# Exhibit A

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Robert G. Erbach<br>3417 West Flossmoor<br>Homewood, IL 60430 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

**CERTIFIED MAIL 7011 0470 0002 4704 0043**

|  | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |  |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2011-04712 | **Cristina Wodka,**<br>**Investigator** | **(312) 869-8096** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

| Enclosures(s) | *[signature]*<br>**John P. Rowe,**<br>**District Director** | 7-21-11<br>*(Date Mailed)* |
|---|---|---|

cc: **PEOTONE COMMUNITY UNIT SCHOOL DISTRICT**
**207U**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **440-2011-04712** |

| **Illinois Department Of Human Rights** | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Robert G. Erbach** | **(708) 829-5954** | **02-8-1970** |

| Street Address | City, State and ZIP Code |
|---|---|
| **3417 West Flossmoor, Homewood, IL 60430** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **PEOTONE COMMUNITY UNIT SCHOOL DISTRICT 207U** | **201 - 500** | **(708) 258-0991** |

| Street Address | City, State and ZIP Code |
|---|---|
| **212 W. Wilson Street, Peotone, IL 60468** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☒ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest **06-04-2011**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by Respondent on or about August 1, 2008. My last position was Computer Teacher. Respondent was aware of my disability. On or about March 9, 2011, I was informed of my discharge effective at the end of the school year.

I believe that I have been discriminated against because of my age, 41 (date of birth February 8, 1970), in violation of the Age Discrimination in Employment Act of 1968, as amended. I also believe that I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

RECEIVED EEOC

JUL 1 3 2011

CHICAGO DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Jul 13, 2011** — *Date* — *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

# Exhibit B

provide additional revenue to the corporation in return for
additional services. Therefore, I think, it falls to the School
District through its employees to provide the service(s)
demanded by the community, which will, in turn, lead to
satisfied customers and a thriving and growing Corporation

JULY 31, 2011 6:52 AM

Anonymous said...

I agree with you 100%, Bill!!! Teachers seem to have a very
jaded view of the real world. And as a parent of 2 students
who graduated high school in Peotone, this person also
spends entirely too much time patting her/himself and
his/her colleagues on the back. This District has MANY
MANY teachers who do the minimum. You can drive by some
of the schools and see the teachers trampling over the
students to get to their cars at the end of the day - especially
the junior high school!

JULY 31, 2011 9:35 AM

*[handwritten: PLaintiff worked at the Junior High and this is directed at him.]*

Bill Virgl said...

Just so there is no confusion, I agree with the main point
made by "Concerned Teacher". Teachers pay an integral part
in the education of our children. A great teacher can have an
immeasurable impact on the life of a child. We have many
amazing teachers in our District. I think it's important to
build a school system that allows these great teachers to
flourish, while encouraging all staff members to get better
every day. Finally, like any organization we want to attract
the best and brightest employees.

JULY 31, 2011 6:15 PM

Anonymous said...

Bill: No need to clarify. Everyone already knows that this
board did and does allow mediocrity to reign in the teaching
staff!

AUGUST 1, 2011 6:00 AM

*[handwritten: Board Member Mr. Virgil posted another mean spirited comment.]*

Anonymous said...

Hmmmmm... To my teacher colleague above: does your
theory hold true for Mr. Preuss as well? Did they change HIS
job assignment hoping he would leave???

**BECAUSE board members friends don't like the pipe!!!**

AUGUST 1, 2011 12:01 PM

Anonymous said...

If you only work 1/2 of the year - then the time you do spend working should be twice as hard. Quit bitching or find a new career... In the mean time, enjoy your 180 days off.
It's not like you didn't know what you were signing up for... no one becomes a teacher to get rich.

AUGUST 1, 2011 12:28 PM


profanity posted by Board member.

Anonymous said...

Hello I just need to comment about the last post that said the concerned teacher sounds uneducated. I am one of the many teachers who were asked to resign. Why? I have a Masters plus additional education that puts me in a higher pay scale. I am older and with that I have more education hours and in this case I get paid more. Sounds good but that put me on the chopping block. I loved this job and was not here to get rich. The union did not help me and ignored my concerns because I was not tenured. The concerned teacher is correct as I did not have unsatisfactory reviews and was told by the administration they wanted excellent reviews in the position. This was the first I heard of this and do not believe I was treated fairly.

AUGUST 1, 2011 11:26 PM

Anonymous said...

To the teacher above: I can clearly see 2 reasons why you were asked to resign. First: your statement, "I am one of the many teachers who were asked to resign." There is a huge grammatical error in this sentence. It should read "I am one of the many teacher who WAS asked to resign." We need teachers in our schools who know English grammar. Secondly, if you think for one minute that I want my kids in the classroom of a satisfactory teacher, you are out of your mind. Satisfactory should NEVER be the goal. I want every single one of my children's teachers to be EXCELLENT. If you aren't excellent at what you do, find something that you can be excellent at and go do it. Don't make my kids suffer as result of your SATISFACTORY performance. And by the way,


mean and humiliating to the teachers of Peotone 207U

according to my neighbor, 4 teachers were asked to resign --- that is not exactly a huge number. It likely should and could have been higher. And one of those asked to resign was brought back anyway after the community went to bat for him AND THEN HE LEFT ANYWAY! It's all nuts if you ask me!!!! Bill: Your "customers" are not happy. What might you do to ensure EXCELLENCE in our schools?

*Board Member Mr.Virgil posted this derogatory comment that stated more teachers should have been asked to Resign.*

AUGUST 2, 2011 12:44 PM

Anonymous said...

Mr.Virgel,

Thank you for taking time to update the community. I like several other posters here work in the district. In fact I have worked in every building in the district.

The start of school has, and always will be a topic with disagreement. If we had started in Sept last fall we would still have been in school the second week of June and suffered with temperatures in the 90 plus degree range. Several years ago we had a cool August followed by a very hot September. There is only one solution and that is AC. Spare me the "we grew up without air". It's 2011 so lets act like it. We never seem to move ahead as we get caught up with small problems......or they at least start small. Why the heck are we spending money on an old pipe that has been around longer then all of us? I know why and it bothers me. A teacher makes an anonymous call to the health dept. They come and look and tell them the district is doing everything right so this teacher calls some parents who in turn call Tara.Now we ok to have it removed and that amount is over the no bid limit. Spare me the"it's for a child's safety so we don't have to bid it". And only four show up for the meeting? Not a good showing.That pipe was no threat to anyone including Melissa's kids. Here is a question. Did the complainers support the last referendum?? Are they even registered to vote?? Ask that question.

We do not have a curriculum director.

We do not have a technology director.

We do not have a principal for Connor Shaw and it's now

# Exhibit C

Printed: 10/14/2010

# Bills Payable List

Page 3 of 12

| Vendor Name | Description | P.O. # | Amount | State Account # |
|---|---|---|---|---|
| CANTONE, KAREN | TUITION REIMBURSMNT | | $375.00 | 10-1110-230 |
| | | Total | $375.00 | |
| CARTRIDGE WORLD | COMPUTER SUPP | | $284.96 | 10-2630-410-100 |
| | | Total | $284.96 | |
| CDW GOVERNMENT INC | COMPUTER SUPP | | $37.00 | 10-2630-410-100 |
| | HS ENGLISH LANGUAGE SPLS/HS | 23005 | $314.00 | 10-1130-410-300 |
| | HS DR ED SUPPLIES | 23005 | $225.69 | 10-1130-410-300 |
| | HS DR ED SUPPLIES | 23005 | $659.99 | 10-1130-410-300 |
| | | Total | $1,236.68 | |
| CLARK, MONICA | TRAVEL TECH | | $20.45 | 10-2625-332 |
| | | Total | $20.45 | |
| CLOVERLEAF FARMS | HOT LUNCH PROG FOOD SUPP | | $6,177.32 | 10-2560-410 |
| | | Total | $6,177.32 | |
| COMCAST | COMPUTER SOFTWARE | | $6,569.00 | 10-2630-470-100 |
| | | Total | $6,569.00 | |
| CONNEY SAFETY PRODUCTS | IND ART SUPPLIES HS | 22986 | $374.41 | 10-1446-410-300 |
| | | Total | $374.41 | |
| CONSTELLATION NEW ENERG | PHS ELECTRICITY | | $14,207.64 | 20-2542-466 |
| | BUS ELECTRICITY | | $159.05 | 20-2542-466 |
| | WC ELECTRICITY | | $68.45 | 20-2542-466 |
| | GG ELECTRICITY | | $1,190.20 | 20-2542-466 |
| | CSC ELECTRICITY | | $1,058.73 | 20-2542-466 |
| | PHS ELECTRICITY | | $3,311.41 | 20-2542-466 |
| | | Total | $19,995.48 | |
| CRAWFORD (BR14) SUPPLY | SUPPLIES OPER & MAINT | | $286.04 | 20-2542-410 |
| | SUPPLIES OPER & MAINT | | $181.07 | 20-2542-410 |
| | SUPPLIES OPER & MAINT | 13158 | $50.83 | 20-2542-410 |
| | | Total | $517.94 | |
| CRYSTAL PRODUCTIONS | ELEM ART SUPPLIES | 019687 | $51.89 | 10-1110-410-100 |
| | | Total | $51.89 | |
| CURTIS, DEBBIE | TUITION REIMBURSMNT | | $375.00 | 10-1110-230 |
| | TUITION REIMBURSMNT | | $375.00 | 10-1110-230 |
| | | Total | $750.00 | |
| DAILY JOURNAL, THE | SP ED PURCHASED SERVICES | | $131.66 | 10-1200-390 |
| | | Total | $131.66 | |
| DIRECT ENERGY SERVICES L | GG NATURAL GAS | | $332.16 | 20-2542-465 |
| | CSC NATURAL GAS | | ($95.34) | 20-2542-465 |
| | PHS NATURAL GAS | | $445.17 | 20-2542-465 |
| | JH NATURAL GAS | | $180.38 | 20-2542-465 |
| | PES NATURAL GAS | | $3.76 | 20-2542-465 |
| | | Total | $866.13 | |
| DRALLE CHEVROLET AND BU | DR ED VEHICLE INTEREST | | $500.00 | 10-1130-323-300 |

- 166 -

S:\FIN_AP06.RPT

# Exhibit D

Printed by: **Robert Erbach**
Title: **Wednesday, March 9 : Peotone SD**

Thursday, March 10, 2011  8:27:02 AM
Page  1  of  1

| From: | Scott Wenzel | Thursday, March 03, 2011 8:39:57 PM |
| Subject: | Wednesday, March 9 | |
| To: | Robert Erbach | |

Rob,

I just want to make sure that you know that at the Wednesday, March 9 special board meeting they will be finalizing personnel decisions.  Before that time, you have the opportunity to submit your resignation for the board meeting or if you decide otherwise the board will move for dismissal.  I just want to make sure you are informed of when this will occur.  Let me know if there is any other information you need.


Scott K. Wenzel
Principal
Peotone Junior High School
Phone: 708-258-3246
Fax: 708-258-6669